1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   JOSE VERDUZCO,                    1:11-cv-00286-SMS (HC)

10                 Petitioner,       ORDER GRANTING PETITIONER'S
                                   MOTION TO STAY PETITION

11       v.                               [Doc. 2]

12
13   MIKE MINOR,
14                 Respondent.

_____/

15
16         Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. §
17  2254.  Petitioner is represented by David R. Mugridge, Esq.

18         Petitioner filed the instant petition for writ of habeas corpus on February 16, 2011.

Petitioner requests the Court stay the instant petition pending exhaustion of the two unexhausted

19  claims in the state court.  Petitioner raises the following five claims in the instant petition: 1) the

20  evidence was insufficient to support the finding that Petitioner had committed burglary; 2) the

21  evidence was insufficient to support a finding that Petitioner violated Penal Code section 220; 3)

22  there was insufficient evidence to support a finding that Petitioner violated Penal Code section

23  243.2, subdivision (a); 4) the trial court based its ruling on irrelevant inadmissible evidence; and

24  5) Petitioner was denied his constitutional right to effective assistance of trial and appellate

25  counsel.

26  Petitioner indicates that claims four and five have not been exhausted in state court.

27         A mixed petition containing both exhausted and unexhausted claims must generally be

28

1    dismissed with leave to amend to raise only the exhausted claims.   However, a district court has

2    discretion to stay a mixed petition for writ of habeas corpus containing exhausted and

3    unexhausted claims in certain circumstances.  Rhines v. Weber, 544 U.S. 269, 277 (2005).

4    "Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has 'good

5    cause'" for his failure to exhaust his claims in state court; (2) the unexhausted claims are

6    potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in

7    dilatory litigation tactics.  Id. at 278.

8         The Court finds Petitioner has shown good cause for his failure to exhaust the state

9    remedies with respect to the two unexhausted claims.  Petitioner was convicted on November 13,

10   2008 and sentenced on December 1, 2008.  A notice of appeal was filed on December 5, 2008.

11   The California Court of Appeal, Fifth Appellate District issued its decision on September 10,

12   2009.  Petitioner filed a Petition for Rehearing on September 22, 2009, which was denied on

13   September 23, 2009.  Petitioner filed a Petition for Review in the California Supreme Court,

14   which was denied on November 19, 2009.  Counsel indicates that Petitioner's mother was able to

15   raise funds for counsel on collateral review and retained Mr. Mugridge in November 2010-one

16   year after his petition for review was denied by the California Supreme Court.  Mr. Mugridge

17   conducted an investigation to determine if a habeas corpus petition would be meritorious.  The

18   investigation took a few months to complete.  Counsel submits that Petitioner could not have

19   filed any post-conviction collateral petitions before February 14, 2011 because he did not have

20   the funds to retain counsel.  Counsel states that he is in the process of finalizing the state petition

21   to be filed with the California Court of Appeal within thirty days.  Given these circumstances,

22   Petitioner has meet the first prong of the Rhines standard.

23        Petitioner's first unexhausted claims involves the trial court's alleged err in admitting

24   inadmissible evidence and the second unexhausted claim alleges ineffective assistance of trial

25   and appellate court.  The Court cannot say that these claims are not potentially meritorious and

26   there is no showing that Petitioner has engaged in dilatory litigation tactics.  Therefore, this

27   action should be stayed pending exhaustion of state court remedies.

28        However, the Court will not indefinitely hold the petition in abeyance.  Rhines, 544 U.S.

2

at 277-278.  Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every ninety (90) days thereafter as to the status of the state court proceedings. Following final action by the state courts, Petitioner shall notify this Court within thirty (30) days of the outcome.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. <u>Rhines</u>, 544 U.S. at 278.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

2.  The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3.  Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and

4.  Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.


IT IS SO ORDERED.

**Dated:    March 3, 2011**             /s/ **Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE